**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| **MOUSE ON THA TRACK, L.L.C.,** <br> **W CHAPPELL MUSIC CORP.** <br> **D/B/A WC MUSIC CORP., AND** <br> **DANIEL LEONARD NIGRO MUSIC** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **MURCIELAGO, LLC, PCH HOSPITALITY** <br> **GROUP, LLC AND CHRISTOPHER PRASAD** <br><br> **Defendants.** | \* <br> \* <br> \* <br> \* <br> \*  **Civil Action No. _____** <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMPLAINT**

Plaintiffs Mouse On Tha Track, L.L.C., W Chappell Music Corp. d/b/a WC Music Corp., and Daniel Leonard Nigro Music (collectively, the "Plaintiffs"), by and through their undersigned attorneys, as and for their Complaint against Defendants Murcielago, LLC ("Murcielago"), PCH Hospitality Group, LLC ("PCH") and Christopher Prasad ("Prasad," and together with Murcielago and PCH, the "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, which is annexed hereto, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

1202125v1

- 2 -

**THE PARTIES**

3.  The Plaintiffs named in Column 2[1] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

4.  On information and belief, Murcielago, LLC is a corporation organized under the laws of the State of Louisiana with offices at 66 Pintail Trace, Mandeville, New Orleans, Louisiana 70471.

5.  At all times hereinafter mentioned, Murcielago did, and still does, own, control, manage, operate, and/or maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as the Beach on Bourbon, located at 227 Bourbon Street, New Orleans, Louisiana 70130.

6.  Musical compositions were, and are, publicly performed at the Beach on Bourbon.

7.  Defendant PCH Hospitality Group, LLC is a corporation organized under the laws of the State of Louisiana with offices at 66 Pintail Trace, Mandeville, Louisiana 70471.

8.  At all times hereinafter mentioned, PCH was, and still is, the managing member of Murcielago.

9.  Defendant Christopher Prasad is an individual who resides and/or does business in this District.

10.  At all times hereinafter mentioned, Prasad was, and still is, the managing member of PCH.

---

[1]  All references to "Columns" herein refer to the numbered columns set forth in SCHEDULE A.

- 2 -

11. At all times hereinafter mentioned, PCH and Prasad were, and still are, responsible for the control, management, operation and maintenance of the affairs of Murcielago.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Beach on Bourbon, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Beach on Bourbon.

## JURISDICTION AND VENUE

14. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

15. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S. §§ 1331, 1338(a).

16. Defendants are subject to personal jurisdiction in Louisiana.

17. Venue is proper here pursuant to 28 U.S.C. § 1400(a) because the Defendants reside in this District. Moreover, venue is also proper under 28 U.S.C. § 1400(b) because the Defendants' infringing conduct occurred in this District where Defendants have a regular and established place of business.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

18. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly one million songwriter, composer, and music publisher members.

19.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

20.     Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for the Beach on Bourbon. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

21.     Defendants have refused all of ASCAP's license offers for the Beach on Bourbon.

22.     ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at the Beach on Bourbon constitute copyright infringement of ASCAP's members' copyrights in their musical works.

23.     Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at the Beach on Bourbon, including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment.

24.     Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the Beach on Bourbon, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

25.     The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

26.     The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

27.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

28.     Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at the Beach on Bourbon, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

29.     The public performances at the Beach on Bourbon of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

30.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

31.     The many unauthorized performances at the Beach on Bourbon include the performances of the three copyrighted musical compositions upon which this action is based.

32.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

33.     The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for relief against Defendants as follows:

1.     That Defendants be duly cited to appear and answer this Complaint;

2.     That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions – or any of them – and from causing or permitting the said compositions to be publicly performed at the Beach on Bourbon, or in any place owned, controlled, managed or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

3.     That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred Fifty Dollars ($750) in each cause of action herein.

4.     That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

5.     That Plaintiffs be granted any and all other relief that the Court may deem just and equitable.

Respectfully submitted,

Dated: June 16, 2026            **STONE PIGMAN WALTHER WITTMANN LLC**

By: _____

Bryant S. York (T.A.) (La. Bar No. 34165)
Katelyn N. McGibney (La. Bar No. 39979)
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361
Email:  byork@stonepigman.com
        kmcgibney@stonepigman.com

*Counsel for Plaintiffs*

- 7 -